We're moving now to our last case of the morning. This is Appeal 24-3319 United States v. Ibarra-Garcia. Ms. Pavlov, we'll begin with you. May it please the Court, Counsel. Mr. Ibarra-Garcia's constitutional rights were violated by sentencing him to 46 months, which is well beyond the two-year maximum of Section 1326A, when the indictment did not charge and the plea did not admit any prior conviction to increase, to trigger, the increased maximum sentence in this case. Now, Apprendi, of course, holds that any fact that increases a statutory maximum must be charged and admitted or found by a jury beyond a reasonable doubt, and Alene extends that to statutory minimums. The exception, of course, is Almendarez-Torres, a 5-4 decision which allows judicial fact-finding about the existence of a prior conviction to increase the statutory maximum. And we certainly acknowledge Almendarez-Torres in this case, but we are preserving the issue for further review. Most recently in Erlinger, the United States Supreme Court held that a fact-finder must determine whether prior offenses occurred on separate occasions, in that case, in order to trigger the 15-year minimum under the ACCA. The Supreme Court didn't overrule Almendarez-Torres, and they certainly acknowledged it wasn't briefed and wasn't at issue in that case, but it did spend quite a bit of time discussing it. And they acknowledged that it was, at best, an exceptional departure from historical practice. Most notably, Justice Thomas, who voted for Almendarez-Torres, issued a concurrence in Erlinger, admitting his error and his willingness to overrule his previous vote, and that was not the first time. Certainly in Sheppard v. United States, he acknowledged that a majority of the Court now recognizes that Almendarez-Torres was wrongly decided, and that in the appropriate case, this Court should consider its continuing viability. We would submit that this is that case. So what are you asking from us, since we're still bound by Almendarez-Torres? The Court is bound by Almendarez—certainly bound by the precedent, so we are preserving the issue for review, but if the Court—ideally, we would like the case to go back to the District Court for resentencing, subject to the two-year statutory process. Where is he at in his sentence right now? I'm sorry? At what point is he at in his sentence? Your client? Your Honor, I have to think about that a little bit. I'm sorry I don't have the answer immediately. I'm trying to calculate the time it takes to take a cert petition to get Almendarez before the Court— I understand. —in this case, whether it would do him any good. Do you want to calculate an offer during rebuttal? Yes. Very good. Thank you. Thank you, Ms. Pavlov. Thank you. Mr. Tucker, we'll move to you now for oral argument on behalf of the appellee. Thank you, Your Honors. Good morning, and may it please the Court. Almendarez-Torres resolves this case. Certainly, you know, counsel has ably preserved this issue for further appeal to the Supreme Court. That said, unless there are any questions for me, the government would rest on its briefs in the fact that this case is, I think, pretty squarely resolved by Supreme Court precedent already. Thank you very much, Mr. Tucker. Thank you, Your Honor. Ms. Pavlov, we'll go back to you now for rebuttal. So, I don't know that my math skills are that quick, but I'm going to estimate that he's been in about a year and a half, given that their case pended sometime before the December 19—I'm sorry, December of 2024 sentencing in this case. We would simply ask that the Court recognize the serious constitutional doubt surrounding Almendarez-Torres and consider vacating and remanding this case for resentencing under the two-year statutory maximum. Thank you, Ms. Pavlov. Thank you, Mr. Tucker. The case will be taken under revised, but that will complete our oral arguments for the moment. Thank you.